UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
SCOTT THOMPSON,                                 :
                                                :
                         Plaintiff              :     Docket No. 16 CV 407 (RA)
          -against-                             :
                                                :
THE CITY OF NEW YORK, NEW YORK CITY             :     **AMENDED VERIFIED**
POLICE DEPARTMENT, POLICE OFFICER LIAM          :     **COMPLAINT AND**
DONNELLAN (Shield 2925, Midtown South Precinct),:     **JURY DEMAND**
POLICE OFFICER CAROLINE DOHERTY (Shield         :
4552 Midtown South Precinct) and NYPD OFFICER   :
JOHN DOE (the name John Doe being fictitious, as the
true name and shield number is presently unknown), in :
their individual and official capacities under federal law:
and in their individual capacities only under state law, :
                                                :
                         Defendants             :
_____x

## PRELIMINARY STATEMENT

1.      This is an action for monetary damages (compensatory and punitive) against the CITY OF NEW YORK, the NEW YORK CITY POLICE DEPARTMENT, defendants POLICE OFFICER LIAM DONNELLAN (Shield 2925, Midtown South Precinct), POLICE OFFICER CAROLINE DOHERTY (Shield 4552 Midtown South Precinct) and NYPD OFFICER JOHN DOE, arising under 42 U.S.C. §1983 and §1988 due to the false arrest and false imprisonment of SCOTT THOMPSON and for negligent performance of police duties, negligent training, supervision, discipline and retention of New York City Police Officers, violation of rights under the New York State Constitution and United States Constitution and abuse of process.

2.      On October 21, 2014, defendants POLICE OFFICER LIAM DONNELLAN (Shield 2925, Midtown South Precinct), POLICE OFFICER CAROLINE DOHERTY (Shield 4552 Midtown South Precinct) and NYPD OFFICER JOHN DOE,

acting under the color of state law, intentionally and willfully subjected plaintiff to, <u>inter alia</u>, false arrest, false imprisonment and detention for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3. The plaintiff, SCOTT THOMPSON through his attorneys, THE LAW OFFICE OF CHRISTINE A. RODRIGUEZ, complaining of the defendants, respectfully alleges:

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States. Pendant jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's State and City law claims is asserted. As to the State and City Law claims, plaintiff filed a Notice of Claim with the City of New York within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's claims. Additionally, this action was filed within one year and 90 days of the incident complained of herein.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claims in this action occurred within the boundaries of the Southern District of New York.

**PARTIES**

7. Plaintiff, at all times relevant hereto, an adult male, resided in Kings County, State of New York.

8. Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by defendant NEW YORK CITY POLICE DEPARTMENT ("NYPD"), a municipal agency of the CITY.

9. Defendants POLICE OFFICER LIAM DONNELLAN (Shield 2925, Midtown South Precinct), POLICE OFFICER CAROLINE DOHERTY (Shield 4552 Midtown South Precinct) and NYPD OFFICER JOHN DOE (collectively referred to as the "officer-defendants") are being sued herein in their individual and official capacities under federal law.

10. The officer-defendants are being sued under the Constitution and laws of the State of New York in their individual capacities only.

11. At all times relevant herein, the officer-defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and

incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

12. The true name and shield number of defendant NYPD OFFICER JOHN DOE is not currently known to the plaintiff. However, this defendant is an employee or agent of the NYPD. Accordingly, this defendant is entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Obligations Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officer as a defendant in an amended pleading once the true names and shield numbers of said defendant becomes known to plaintiff and (b) that the Law Department should immediately begin preparing their defense in this action.

## FACTUAL ALLEGATIONS

13. On October 21, 2014 at or about approximately 12:00 pm plaintiff was exiting the Midtown South Precinct at 357 West 35th Street, New York, NY.

14. At or about that date, time and place, plaintiff was falsely arrested by Police Officers employed by the City of New York, New York City Police Department, to wit, upon information and belief, defendants Police Officer Doherty, Police Officer Donnellan and NYPD Officer John Doe.

15. At the date, time and place of plaintiff's arrest described above, plaintiff was leaving the Midtown South Precinct after filing a report for a stolen/missing license plate for plaintiff's Vespa motor scooter.

16. While speaking to an officer inside the precinct to make his report, plaintiff was near a window from which he could see the Vespa the entire time he was inside.

17. Plaintiff did not see any uniformed police officer or any other person come near the Vespa or inspect it from any vantage point that would allow close inspection of the decorative plate of the steering column where the VIN in question was located during the entire time that plaintiff was in the precinct.

18. Upon leaving the Midtown South Precinct after filing said report, plaintiff approached his Vespa and lifted up the seat to put on his helmet when plaintiff was approached by defendant Police Officer Donnellan and defendant Police Officer Doe who were dressed in plain clothes.

19. The above described officer-defendants approached plaintiff and immediately began asking plaintiff questions about his Vespa.

20. The officer-defendants did not have their shields displayed and plaintiff was not aware that they were in fact police officers.

21. Neither of the above-described officer-defendants identified himself as a police officer before or while speaking to plaintiff about his Vespa.

22. Both officer-defendants began to ask plaintiff a series of questions about plaintiff's Vespa.

23. These were questions about fuel efficiency, top speed, range and both office-defendants expressed interest in acquiring a Vespa of their own.

24. Defendant Police Officer Donnellan then asked plaintiff why a white substance covered the vehicle identification number (VIN) of plaintiff's Vespa.

25. In response to defendant Police Officer Donnellan's inquiry, plaintiff jokingly replied that perhaps the previous owners were tired of getting tickets.

26. The white substance, which appeared to be a thin coat of paint or finger nail polish, crossed over a portion of the decorative plate under the steering column of the Vespa.

27. Plaintiff had not placed the white substance on the decorative plate.

28. Plaintiff had purchased the Vespa as a used vehicle and the white substance was on the decorative plate when plaintiff purchased the Vespa.

29. The VIN was not actually covered or obscured by the white substance on it, but in fact the raised numbers and letters of the VIN were clearly legible and readable.

30. Plaintiff registered the vehicle in New York State in his name, using the same VIN number that appeared in the area that Defendant Policer Officer Donnellan questioned plaintiff about.

31. Plaintiff's purpose for visiting the precinct that day was to file a report about the license plate for his Vespa, which had been stolen. Plaintiff needed the report in order to get a new license plate issued.

32. Neither defendant Police Officer Donnellan nor Defendant Police Officer John Doe, who was with him, made any attempt to look at or further inspect the decorative plate after questioning plaintiff.

33. After responding to the defendant Donnellan's question about the white substance, plaintiff was directed to wait.

34. Officer Donnellan went into the precinct and then came back out a few moments later.

35. Defendant Police Officer Donnellan then proceeded to place plaintiff under arrest for no valid reason, asked plaintiff to turn around and placed plaintiff in handcuffs.

36. Defendant Police Officer John Doe looked surprised when defendant Donnellan placed handcuffs on the Plaintiff.

37. Police Officers in New York State only have authority to enforce violations of the law concerning VIN numbers as set forth by New York State's Penal Law and New York State's Vehicle and Traffic Law.

38. Penal Law sections 170.65 and 170.70 deal with forgery of a VIN and illegal possession of a forged VIN, respectively.

39. Pursuant to Penal Law section 170.65 it is a felony when a person "knowingly" "destroys, covers, defaces, alters or otherwise changes the form or appearance of a" VIN.

40. Penal Law section 170.70 makes it a felony for a person to "knowingly" possess a VIN "which has been destroyed, covered, defaced, altered or otherwise changed."

41. Section 423-a of New York's Vehicle and Traffic Law, which is entitled "Enforcement procedures for insuring the retention of vehicle identification numbers on vehicles," gives authority to "state police, any local police department or any peace officer acting pursuant to his special duties" to seize vehicles with forged VINs, which this section defines "as destroyed, removed, altered, defaced **or so covered as to be effectually concealed**." Emphasis added.

42. Based on this statutory authority, a VIN that is covered is a violation of the law only if the VIN is concealed when covered.

43. A VIN is forged and thus possession of it is a criminal offense under New York State's Penal Law only if the original number is not legible because defacing or altering it makes it illegible or covering it conceals the number or it is removed.

44. Based on the existing statutory authority in New York State at the time of plaintiff's arrest, NYPD Officers did not have the authority to arrest a person in possession of a VIN that is readable and unaltered, even if it is covered by a substance, such as paint.

45. Plaintiff was brought back into the Midtown South Precinct where he was fingerprinted and booked by defendant Police Officer Doherty. Plaintiff was not told why he had been placed under arrest or with what he was being charged.

46. Defendant Police Officer Doherty also handled the impounding of plaintiff's vehicle, during which she would have observed that the VIN in question did not violate New York law.

47. Plaintiff was held at the precinct from about noon until 10 or 11pm that day and then brought down to Central booking.

48. At the time that Plaintiff was finally brought down to Central booking, the defendant-officers involved in his arrest would have worked more than 12 hours and would have been on overtime.

49. Plaintiff was held in custody for more than twenty-four (24) hours before being arraigned in New York County Criminal Court late the next afternoon on October 22, 2014.

50. When plaintiff saw the complaint filed against him in New York County Criminal Court after being arraigned, he noticed that defendant Police Officer Doherty attributed a false statement in the complaint to Officer Donnellan which claimed that Mr. Thompson stated that "whited out" the VIN and that he did so to avoid summonses.

51. Plaintiff was charged with Criminal Possession of a Forged Instrument in the Third Degree under New York State Penal Law section 170.20 and Attempted Forgery of a Vehicle Identification Number under New York State Penal Law section 170.65(2).

52. In order to violate Penal Law section 170.20 and criminally possess a "forged instrument" a person must know "that it is forged and with intent to defraud, deceive or injure another."

53. New York State's Penal Law section 170.00(7) defines a forged instrument as a "written instrument which has been falsely made, completed or altered."

54. Subsection 4 of that same statute defines what it means to falsely make as "makes or draws a complete written instrument in its entirety, or an incomplete written instrument, which purports to be an authentic creation of its ostensible maker or drawer, but which is not such either because the ostensible maker or drawer is fictitious or because, if real, he did not authorize the making or drawing thereof."

55. Subsection 5 of that same statute defines falsely complete as "adding, inserting or changing matter, he transforms an incomplete written instrument into a complete one, without the authority of anyone entitled to grant it, so that such complete instrument appears or purports to be in all respects an authentic creation of or fully authorized by its ostensible maker or drawer."

56. Subsection 6 of that same statute defines falsely alter as "when, without the authority of anyone entitled to grant it, he changes a written instrument, whether it be in complete or incomplete form, by means of erasure, obliteration, deletion, insertion of new matter, transposition of matter, or in any other manner, so that such instrument in its thus altered form appears or purports to be in all respects an authentic creation of or fully authorized by its ostensible maker or drawer."

57. Subsection (2) of Penal Law 170.65 deals with removal of a VIN.

58. Plaintiff's VIN was not covered in a manner to be concealed, or in any way altered, defaced or destroyed, nor was it removed.

59. Police Officer Donnellan attributed the false statements to plaintiff in order to make out the elements of the crimes plaintiff was charged with in the criminal complaint and justify the cause for plaintiff's arrest when he stated and Police Officer Doherty repeated for him under oath, that Plaintiff stated he had "whited out" the VIN to avoid summonses.

60. Police Officer Donnellan's false statements were intended to be offered as evidence to falsely show that Plaintiff altered or covered the VIN himself with an intent to defraud, thus providing justification for a false arrest.

61. Based on all applicable statutes, plaintiff had not violated any laws or committed any crime when he was approached by the officer-defendants and placed into custody.

62. At the time that plaintiff was taken into custody, it was clear that he had committed no crime whatsoever, particularly because the original VIN in question was visible, legible and readable and the defendant-officers could have observed this.

63.  After plaintiff was arraigned, he returned to the Midtown South Precinct to collect his belongings.

64.  While at the precinct, plaintiff engaged in conversation with defendant Police Officer Doe, who he believed to be Officer Donnellan's partner and who was present when plaintiff was arrested.

65.  Defendant Police Officer Doe asked plaintiff, "How did it go?" to which plaintiff responded by telling Officer Doe about the false statement attributed to Officer Donnellan in the complaint.

66.  Defendant Police Officer Doe responded that that he knew plaintiff never said what was written in the complaint and that he would not have arrested the plaintiff.

67.  Officer Doe also commented to plaintiff that there was a push in the department to make more non-minority arrests.

68.  Plaintiff was required to appear in court approximately one month after he was arraigned at which time he was offered an adjournment in contemplation of dismissal, which plaintiff rejected.

69.  Plaintiff was required to appear in court several more times until finally on May 20, 2015, the Assistant District Attorney assigned to the case moved to have the charges against plaintiff dismissed in the interest of justice.  That motion was granted by the court and the case against plaintiff was dismissed and sealed.

70.  Plaintiff was at time of his arrest and remains a registered representative who must report arrests and convictions to FINRA and the SEC.

71.  As a result of the false arrest of plaintiff on October 21, 2014, plaintiff was required to file a U4, which is a report available to the public, disclosing his arrest, the

defamatory statements attributed to Officer Donnellan, and the criminal charges pending against him, all of which have caused damage to plaintiff's professional and personal reputation and character.

72. Plaintiff was ultimately fired from the employment he held on the date of his arrest, which plaintiff believes is due to the false arrest, the defamatory nature of the statements made against him in the complaint and the amount of time it took to resolve the false charges against him.

## FIRST CAUSE OF ACTION
### FEDERAL CLAIMS AGAINST THE OFFICER-DEFENDANTS

73. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1 through 72 as if fully set forth herein.

74. The conduct of the officer-defendants as described herein, amounted to false arrest, deprivation of liberty without probable cause, unlawful search and seizure, unlawful detention and fabricated evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CAUSE OF ACTION
### STATE LAW CLAIMS AGAINST THE OFFICER-DEFENDANTS

75. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1 through 74 as if fully set forth herein.

76. The conduct of the officer-defendants, as described herein, amounted to false arrest, deprivation of liberty without probable cause, unlawful search and seizure, unlawful detention and fabricated evidence in violation of the laws of the State of New York and the City of New York.

### THIRD CAUSE OF ACTION
FEDERAL CLAIMS AGAINST THE CITY and NYPD

77.     Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1 through 76 as if fully set forth herein.

78.     The City of New York and NYPD directly caused the constitutional violations suffered by plaintiff.

79.     Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police officers, including the individual defendants, are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein.  Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City and the NYPD failed to properly train, retrain, supervise, discipline, and monitor its officers and improperly retained and utilized them. Moreover, the City of New York and the NYPD failed to adequately investigate prior complaints against its officers.

80.     The aforesaid conduct by the City of New York and the NYPD violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, and Fourteenth Amendments to the United States Constitution.

### FOURTH CAUSE OF ACTION
STATE LAW CLAIMS AGAINST THE CITY and NYPD

81.     Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1 through 80 as if fully set forth herein.

82.     Because the officer-defendants were acting within the scope of their employment as police officers, under color of state law when they unlawfully arrested,

detained and search plaintiff and filed charges against plaintiff, the City of New York is vicariously liable under state law for violations of plaintiff's civil rights.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

    A.    In favor of the plaintiff in an amount to be fixed by a jury on each of the plaintiff's Causes of Action;

    B.    Awarding plaintiff punitive damages in an amount to be fixed by a jury on each of the plaintiff's Causes of Action;

    C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action;

    D.    Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

Dated:  New York, New York
        July 22, 2016

                              LAW OFFICE OF
                              CHRISTINE A. RODRIGUEZ

                              Christine A. Rodriguez, Esq.
                              Attorneys for Plaintiff
                              1350 Avenue of the Americas, 2nd Floor
                              New York, New York 10019
                              (212) 430-6525

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

SCOTT THOMPSON,

                           Plaintiff          Docket No. 16 CV 407 (RA)

    -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER LIAM
DONNELLAN (Shield 2925, Midtown South Precinct),
POLICE OFFICER CAROLINE DOHERTY (Shield
4552 Midtown South Precinct) and NYPD OFFICER
JOHN DOE (the name John Doe being fictitious, as the
true name and shield number is presently unknown), in
their individual and official capacities under federal law:
and in their individual capacities only under state law,

                           Defendants

-----------------------------------------------------------X

## VERIFICATION

STATE OF NEW YORK   )
                             )
COUNTY OF NEWYORK  )

SCOTT THOMPSON, duly sworn, deposes and says:

I am the Plaintiff in the above entitled action. I have reviewed the foregoing AMENDED COMPLAINT and know the contents to be true to my own knowledge, except to those matters alleged to be upon information and belief, and as to those matters, I believe them to be true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                   _Scott Thompson_
                                                   Scott Thompson (Jul 22, 2016)
                                                  SCOTT THOMPSON

Sworn to before me this 22nd day
of July, 2016

_Notary Public_

CHRISTINE A. RODRIGUEZ
Notary Public State of New York
No. 01RO5032265
Qualified in New York County
Commission Expires August 22, 2018

*Index No.* 16 CV 407(RA)                                                                                   *Year* 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
═══════════════════════════════════════════════════════════════════════
SCOTT THOMPSON,

                                            Plaintiff
       -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER LIAM
DONNELLAN (Shield 2925, Midtown South Precinct),
POLICE OFFICER CAROLINE DOHERTY (Shield
4552 Midtown South Precinct) and NYPD OFFICER
JOHN DOE (the name John Doe being fictitious, as the
true name and shield number is presently unknown), in
their individual and official capacities under federal law
and in their individual capacities only under state law,

                                            Defendants
═══════════════════════════════════════════════════════════════════════
## AMENDED VERIFIED COMPLAINT AND JURY DEMAND
═══════════════════════════════════════════════════════════════════════

**LAW OFFICE OF CHRISTINE A. RODRIGUEZ**

**ATTORNEYS FOR
PLAINTIFF, SCOTT THOMPSON**

**1350 AVENUE OF THE AMERICAS
2ND FLOOR
NEW YORK, NY 10019
(212) 430-6525**
═══════════════════════════════════════════════════════════════════════
*Dated:* July 22, 2016